# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JONES,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>MORRERO, et al.,<br><br>　　　　　　　　　　　Defendant. | CASE NO.  08cv2316-L (WMc)<br><br>REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT |

Plaintiff is an inmate currently incarcerated at Richard J. Donovan State Correctional Facility ("RJD") in San Diego, California. He is proceeding *pro se* with a civil law suit pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Defendants Morrero, Cortez, Homer, and Goff [1] have filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12 (b)(6) (Doc. No. 18.)  Pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Cal.Civ.L.R. 72.3, the Court referred the motion to Magistrate Judge William McCurine for a Report and Recommendation.

**FACTS**

According to Plaintiff [2], in March of 2007, he expressed concerns about his safety from an inmate upon his transfer to the Richard J. Donovan facility, specifically an inmate named

---

[1] Plaintiff also named Defendant Cava but a review of the electronic docket for the case shows Defendant Cava has not been properly served. Therefore, he is not considered a party to the motion.

[2] The facts are taken from the parties pleadings and are not to be construed as findings of fact by the Court.

1 McCloud. Plaintiff contends Defendants acted negligently and deliberately when they failed to
2 properly address Plaintiff's safety concerns and when they failed to allow Plaintiff to present his
3 own documentary evidence at the initial classification hearing.. Plaintiff further asserts that due to
4 Defendants' improper actions caused him to be the victim of an inmate assault.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [citation omitted]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Dismissal also can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true conclusory allegations, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Iqbal,* 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.");

1  *Twombly*, 550 U.S. at 555 (on motion to dismiss court is "not bound to accept as true a legal
2  conclusion couched as a factual allegation."). "The pleading standard Rule 8 announces does not
3  require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-
4  unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).
5       Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be
6  supported by factual allegations. When there are well-pleaded factual allegations, a court should
7  assume their veracity and then decide whether they plausibly give rise to an entitlement to relief."
8  *Iqbal*, 129 S.Ct. at 1950. "The plausibility standard is not akin to a 'probability requirement,' but
9  it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. Where
10 a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of
11 the line between possibility and plausibility of 'entitlement to relief.'" *Id.*; *Twombly,* 550 U.S. at
12 570 (when a plaintiff has not "nudged [his] claims across the line from conceivable to plausible,
13 [his] complaint must be dismissed.").
14      "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual
15 content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a
16 claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th
17 Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

18      **DISCUSSION**
19      **Access To Courts**
20      Defendants contend "Plaintiff fails to allege any facts establishing that any of the
21 Defendants interfered with his right of access to the courts." Defendants further state "Plaintiff
22 does not allege an injury, such as a missed deadline or dismissal, resulting from a denial of
23 access." (MTD at 8-9.)
24      In 1977, the Supreme Court held inmates have a constitutional right of access to the courts.
25 *Bounds v. Smith* , 430 U.S. 817 (1977). However, the Supreme Court, in 1996, revisited and
26 significantly limited *Bounds* in *Lewis v. Casey*, 518 U.S. 343 (1996). As such, *Lewis* is a
27 significant reshaping of the right of access to the courts in two respects: the clarification that every
28 such claim must be founded upon *actual injury* **and** the restriction of the scope of the right to only

certain types of claims. *Lewis* made clear actual injury is a "constitutional prerequisite." *Id.* at 352-53 n.3. Additionally, *Lewis* made clear the right of access is only guaranteed for certain types of claims: direct and collateral attacks upon a conviction or sentence and civil rights actions challenging conditions of confinement. *Id.* at 354. Even among these types of claims, actual injury will exist only if "a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353.

The Supreme Court once again addressed the right of access to courts in *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 2188 (2002). In that case, the Court distinguished between two types of claims for denial of access to the courts. The forward-looking denial of access claims may arise from the frustration or hindrance of "a litigating opportunity yet to be gained." *Id*. at 2185-87. The backward-looking denial of access claims may arise from the loss of a meritorious suit that cannot now be tried and has been forever lost because of the interference of government officials. *Id*. at 2186-87. Further, *Harbury* reiterated the ruling in *Lewis:* in order to state a claim for interference with the right of access to the courts, a plaintiff must establish actual injury to a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. *Lewis*, 581 U.S. at 355, 116 S.Ct. 2174

A thorough review of the complaint shows no claim of actual injury. Plaintiff has failed to allege he has been frustrated or hindered in a legal claim yet to be litigated (forward-looking access claim) or that he has suffered a "loss or inadequate settlement of a meritorious case" (backward-looking access claim). *Harbury*, 122 S.Ct. at 2179. In sum, Plaintiff has failed to provide any evidence he has been denied the access to courts guaranteed by *Bounds*, *Lewis*, and *Harbury*. Therefore, based upon all the facts and law presented it is recommended Defendants' Motion to Dismiss on this ground be **GRANTED**.

**Eighth Amendment - Failure to Protect**

**a. Defendant Goff**

In his complaint, Plaintiff alleges the following facts in support of his Eighth Amendment claim:

> On 4-11-07 in facility 3 yard in plaintiff's assigned housing unit building 12, in Plaintiff's assigned counselors office, CCII Goff, Plaintiff was interviewed via

> telephone concerning an ongoing 602/appeal that should have been dealt with before Plaintiff was transferred from Lancaster State Prison concerning Plaintiff's safety concerns and transfer to Richard J. Donovan, on that date 4-11-07 during an interview via telephone plaintiff was lead to believe his safety was no longer at risk so plaintiff withdrew his 602/appeal regarding safety concerns. However on that date 4-11-07 Plaintiff requested to his assigned counselor, CCII Goff to place Inmate McCloud Plaintiff' 812 from as a enemy, however Inmate McCloud was later transferred to Richard J. Donovan correctional facility which later resulted in Plaintiff being the victim of an attempted murder.

(Compl. at 4.)

Defendants contend Plaintiff's claims against them should be dismissed because Plaintiff has failed to sufficiently allege a violation of his Eighth Amendment rights.

In order to demonstrate an Eighth Amendment violation, an inmate must first show the deprivation or injury suffered was "objectively, sufficiently serious" *Farmer v. Brennen*, 511 U.S. 825, 834 (1994) (citations omitted), and second, the prison official had a "sufficiently culpable state of mind acting with deliberate indifference to a substantial risk of serious harm to an inmate. . ." *Id.* "[D]eliberate indifference entails something more than mere negligence ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002).

"A plaintiff may make the factual showing that a prison official had the requisite knowledge of a substantial risk 'in the usual ways, including inference from circumstantial evidence.'" *Farmer*, 511 U.S. at 842. "Thus a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 843 n. 8. Moreover, "[t]urning a blind eye to the relevant surrounding facts will not shield a prison official from liability." *Swan v. United States of America*, 159 F.Supp. 2d 1174, 1182 (N.D. Cal. 2001). "'If the evidence shows that a [prison official] merely refused to verify underlying facts that he strongly suspected to exist (as when a prison official is aware of a high probability of facts indicating that one prisoner has planned an attack on another but resists opportunities to obtain

final confirmation...), 'liability may be imposed." *Id.* at 1182, citing *Farmer*, 511 U.S. at 843 n.8.

Here, Defendants assert Plaintiff has failed to demonstrate a "a causal connection between the alleged failure to document McCloud as an enemy and the attack by inmate Colores one year later." (MTD at 5.) Defendants contend Plaintiff's "general and vague claims ...do not establish that Goff acted recklessly in disregarding Plaintiff's safety concerns." (MTD at 5.)

"Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable albeit unsuccessful response to the risk." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). "Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton." *Id.* at 835. " A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' a standard that incorporates due regard for prison officials 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" *Id.* at 845.

At this stage of the proceedings, Plaintiff's claims do not sufficiently raise an inference that Defendant Goff acted with deliberate indifference, disregarded a substantial risk of serious harm and failed to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970. Thus, Plaintiff has not proffered "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). Accordingly, it is recommended that Defendants' motion to dismiss this claim be **GRANTED**.

### b. Defendants Cortez and Homer

While not the model of clarity, Plaintiff also appears to allege Defendants Cortez and Homer were deliberately indifferent to Plaintiff's safety concerns in violation of his Eighth Amendment rights. Specifically, Plaintiff states "correctional employee's P.Cortez and J. Homer ... violated Plaintiff's right by allowing Plaintiff to believe that Plaintiff's safety concerns were not present at Richard J. Donovan when Plaintiff's concerns were not brought up at classification." (Compl. at 3.)

Defendants assert "Plaintiff fails to allege that Defendants knew of and disregarded an excessive risk to Plainitff's safety." (MTD at 6.) "In addition, there are no facts establishing a causal link between Plaintiff's safety concerns and the subsequent attack by another inmate." (Id.)

1   As noted above, prison officials violate an inmate's Eighth Amendment rights if they are
2 aware of a substantial danger of future assault to a prisoner but fail to take "reasonable measures to
3 abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 ((1994).  Here, Plaintiff has failed to produce
4 facts showing Defendants Homer and Cortez had any reason to believe he would be attacked by
5 inmate Colores.  Accordingly, it is recommended Defendants' motion to dismiss this claim be
6 **GRANTED**.

7   **Fourteenth Amendment - Due Process Violation**

8   In his complaint, Plaintiff claims his Fourteenth Amendment Due Process Rights were
9 violated by Defendants when he was prevented from obtaining "access to his personal property
10 which prohibits a prisoner from being able to present any type of documentary evidence at the
11 initial classification committee per C.D.C.R. title 15 section 3375."  (Compl. at 3).

12   Defendants move to dismiss Plaintiff's due process claim on the ground that Plaintiff has
13 failed to demonstrate "he was deprived of a liberty or property interest."  (MTD at 7.)

14   "Liberty interests protected by the Fourteenth Amendment may arise from two sources-the
15 Dues Process Clause itself and the laws of the States."  *Hewett v.  Helms*, 459 U.S. 460, 466, 103
16 S.CT.  864, 868-69 (1983).  "A state may create a constitutionally protected liberty interest by
17 establishing regulatory measures that impose substantive limitations on the exercise of official
18 discretion."  *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir.  1985).
19 Limitation on a prison officials' exercise of discretion may create a liberty interest.  *Id*.

20   "A state law must satisfy two requirements in order to create a liberty interest protected by
21 the Constitution.  First, the law must set forth "'substantive predicates' to govern official decision
22 making' and, second, it must contain "explicitly mandatory language," i.e., a specific directive to
23 the decision-maker that mandates a particular outcome if the substantive predicates have been
24 met."  *Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 (9th Cir.  2002) (internal citations omitted).
25 "[T]hese interests will be generally limited to freedom which ... imposes atypical and significant
26 hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v.  Conner*, 515
27 U.S. 472, 484 (1995).

28   Mere guidelines do not create a liberty interest.  *See Hernandez v.  Johnston*, 833 F.2d

1316, 1318 (9th Cir. 1987). Rather, the "prisoner must show 'that particularized standards or criteria guide the State's decisionmakers.'" *Id*. (internal citation omitted). "These standards must eliminate all discretion.'" *Id*. (internal citation omitted). Thus, the Ninth Circuit ruled in *Myron v. Terhune*, 457 F.3d 996 (9th Cir. 2006)(rev;d on other grounds) while some provisions in California Administrative Code Title 15, §§ 3375-3375.5 "do contain some mandatory language ... the regulations also contain ample language retaining discretion for prison officials making placement decisions." *Id*. at 999. "[T]herefore, the regulations do not give rise to a Fourteenth Amendment liberty interest." *Id.* at 1000.

Here, Plaintiff has failed to demonstrate he has a protected liberty interest in presenting his own documentary evidence retrieved from his personal property. "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 228 (1976)(internal citations omitted). Accordingly, it is recommended Defendants' motion to dismiss Plaintiff's claim of a Fourteenth Amendment violation for failure to allow him to present personal documents at his initial classification hearing be **GRANTED**.

**Eleventh Amendment Immunity**

Defendants move to dismiss all claims against them in their official capacity because "plaintiff is barred from pursuing monetary damage claims against state employees in their official capacities." [MTD at 9.]

"The Eleventh Amendment bars both a federal court action for damages (or other retroactive relief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity." *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992). "The Amendment only prohibits damage actions against the "officials office" — actions that are in reality suits against the state itself, rather than individual officials." *Barry v. Ratelle*, 985 F.Supp. 1235, 1240 (S.C. Cal 1997).

Because Plaintiff has specifically stated in his complaint that Defendants are being sued both in their official capacity and individual capacity, immunity under the Eleventh Amendment applies to Plaintiff's claims against Defendants in their official capacity. Accordingly, it is recommended that Defendants' motion to dismiss on this ground be **GRANTED**.

**Respondeat Superior**

Plaintiff claims in his Complaint Defendant Morrero is the facility 3 captain and Defendants Cortez, Homer and Cava were under his "care" when they violated Plaintiff's rights. (Compl at 3.) Specifically, Plaintiff contends "[o]n 3-27-07 acting under facility 3 Captain Morrero's care correctional employee's P. Cortez, J. Homer, and M. Cava violated plaintiff's rights by allowing plaintiff to believe that plaintiff's safety concerns were not present at Richard J. Donovan when plaintiff's concerns were not brought up at classification." (Compl. at 3.)

Defendants move to dismiss Plaintiff's claim against Defendant Morrero on the ground "a supervisor is generally not liable under § 1983 for the acts of a subordinate." (MTD at 8.)

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).

Thus to avoid the *respondeat superior* bar, Plaintiff must allege personal acts by the Defendant which has a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001)(whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim.). 42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of the plaintiffs' constitutionally protected rights. *Johnson*, 588 F.2d 743.

With respect to Plaintiff's claims against Defendant Morrero for due process violations, Plaintiff has failed to show Defendant Morrero had knowledge of, participated in, or directed the alleged misconduct of the other Defendants. Based on the foregoing, it is recommended that Defendant's' Motion to Dismiss on this issue be **GRANTED**.

**Motion for Temporary Restraining Order**

In his motion for a temporary restraining order (TRO), Plaintiff claims he was placed in

1  administrative segregation after being attacked. Shortly after his placement, Plaintiff claims he
2  filed a 602 appeal that "was never processed." (TRO at 2.) Plaintiff further states he made several
3  more unsuccessful attempts at filing 602 appeals. Plaintiff contends "for the past 11 months I have
4  been suffering reprisal by not being able to get any of my 602 appeals processed or even answered,
5  and my being unjustly held in administrative segregation." (Id. at 3.) Plaintiff also contends his
6  personal property and legal documents are missing. (Id.) Plaintiff requests "the court to intervene
7  and set forth an order to return all of my personal property and legal documents, process and
8  respond to my 602 appeals and release me from administrative segregation by way of transfer."
9  (Id.)
10        The purpose of a temporary restraining order ("TRO") is to preserve the status quo before a
11  preliminary injunction hearing may be held; its provisional remedial nature is designed merely to
12  prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software,*
13  *Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary
14  restraining order may be granted "only if (1) it clearly appears from the specific facts shown ... that
15  immediate and irreparable injury, loss, or damage will result to the applicant before the adverse
16  party or that party's attorney can be heard in opposition." Fed.R.Civ.P. 65(b). A party seeking a
17  TRO must satisfy the same test required for the issuance of a preliminary injunction. *See, Bronco*
18  *Wine Co. v. U.S. Dept. of Treasury*, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); *Lockheed Missile*
19  *& Space Co. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1322 (N.D. Cal. 1995).
20        In order to obtain a preliminary injunction the movant must demonstrate "(1) a strong
21  likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if
22  preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)
23  advancement of the public interest (in certain cases)." *Beardslee v. Woodford*, 395 F.3d 1064,
24  1067 (9th Cir. 2005) (citing *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.
25  1995)) (internal quotation marks and citation omitted). Alternatively, injunctive relief could be
26  granted if the movant "demonstrates 'either a combination of probable success on the merits and
27  the possibility of irreparable injury or that serious questions are raised and the balance of hardships
28  tips sharply in his favor.'" *Id*. (citation omitted). "These two alternatives represent 'extremes of a

1  single continuum,' rather than two separate tests." *Clear Channel Outdoor Inc. v. City of Los
2  Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (citation omitted).

3   Here, Plaintiff has failed to establish either an imminent irreparable injury, or the
4  likelihood of success on the merits. *See Beardslee*, 395 F.3d at 1067. Plaintiff's claims relate to
5  events which have already transpired.. When a temporary restraining order is sought against
6  actions by a governmental actor or agency which has allegedly violated the law in the past, as in
7  the case here, Plaintiff must establish the threat of future or repeated injury is both "real and
8  immediate," not just "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95,
9  102 (1983). Plaintiff has not done so. Second, Plaintiff has failed to show he is likely to succeed
10 on the merits of such a claim.

11 **a. Plaintiff's 602 Appeals**

12 Plaintiff cannot succeed on the merits of his claim his 602 inmate appeals are not being
13 properly responded to because Plaintiff has no constitutional rights to a specific grievance
14 procedure. *Ramirez v. Galaza*, 334 F.3d. 850, 860 (9th Cir. 2003). "Without a liberty interest,
15 Plaintiff has no procedural due process rights at stake and his grievance allegations fail to state a
16 claim." *Earley v. Ryan*, 2009 WL 3756552 (D.Ariz.).

17 Furthermore, Defendants have presented ample documentary evidence they "have
18 processed and responded to all of Plaintiff's inmate appeals." (Opp. to Pl's Mtn. for TRO at 3,
19 citing Franklin Decl. ¶¶ 7-13.)

20 **b. Plaintiff's Personal Property and Legal Documents**

21 In response to Plaintiff's motion, Defendants contend "the TRO should be denied because
22 Plaintiff's personal property is not missing and the issue was already resolved through the inmate
23 appeals process." (Opp. to Pl's Mtn. for TRO at 5.) Specifically, Defendants note Plaintiff's
24 personal property was packed and stored when he was placed in ASU and ultimately Plaintiff was
25 given an inventory receipt for his property. (Id. citing Ex.A and Franklin Decl. ¶ 9.)

26 In sum, Plaintiff has suffered no irreparable harm with respect to either claim presented in
27 his Motion for a Temporary Restraining Order. Accordingly, Plaintiff has failed to show the
28 likelihood of success on the merits required to justify injunctive relief. *Beardslee*, 395 F.3d at

1067.  For these reasons, it is recommended Plaintiff's motion be **DENIED**.

### CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, it is RECOMMENDED that an order be entered as follows:

Defendants' Motion to Dismiss Plaintiff's claim for violation of his Eighth Amendment rights be **GRANTED.**

Defendants' Motion to Dismiss Plaintiff's claim for violation of his Fourteenth Amendment rights be **GRANTED.**.

Defendants' Motion to Dismiss Plaintiff's claim against Defendant Morrero in his capacity as a supervisor be **GRANTED.**

Defendants' Motion to Dismiss Plaintiff's claims against Defendants in their official capacity be **GRANTED**.

Plaintiff's Motion for Temporary Restraining Order be **DENIED**.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **February 12, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 19, 2010**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 19, 2010

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court